UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARIA NAVARRO CARRILO, and JOSE
GARZON, as Parents and Natural Guardians of
M.G., and MARIA NAVARRO CARRILO, and
JOSE GARZON, Individually

      Plaintiffs,

  -against-

RICHARD CARRANZA, in his official capacity as
Chancellor of the New York City Department of
Education, NEW YORK CITY DEPARTMENT OF
EDUCATION, and NEW YORK STATE
EDUCATION DEPARTMENT,

      Defendants.

No.19 Civ. 8077 (CM)

---

### ORDER CLARIFYING THE COURT'S JANUARY 6th ORDER

McMahon, C.J.:

      On January 6, 2020, this Court ordered Plaintiffs to produce M.G.'s 2019-2020 school year Enrollment Agreement with the International Institute for the Brand ("iBrain"), and "to produce a witness to testify to M.G.'s status at iBrain for the remainder of the 2019-2020 school year, particularly with respect to M.G.'s risk of expulsion for failure to pay iBrain's tuition and fees." (Dkt. No. 39 at 3.)

      The January 6 order was meant to provide the record necessary to decide whether this Court was required to lift the stay pending appeal in this case in order to avoid irreparable harm to M.G. – *i.e.*, expulsion from her current educational placement. The Court noted that the enrollment agreement for the previous year, 2018-2019, which Plaintiffs filed in *Carrilo v. N.Y. Dept. of Education, et al.*, No. 19-cv-2944 ("*Carrilo I*"), contained a provision that iBrain could not demand payment "until a final determination/decision is issued by an administrative judge or appellate court." (*Carrilo I*, Dkt. No. 16-5 at 2.) If a similar provision constrained iBrain in for the 2019-2020 year, then it would seem that M.G. does not face an imminent threat. Yet Plaintiffs insist that said threat exists.

      Plaintiffs filed the 2019-2020 school year agreement in compliance with the order. Although not worded identically to the 2018-2019 agreement, the payment obligation section in the 2019-2020 agreement is identical in effect:

> "In the event Parent is required to file a due process complaint against the local school district seeking an Order on Pendency and/or Findings of Fact and Decision for funding, the tuition payment obligations in Sections 5, 6, and 7 [referring to all tuition obligations in the agreement] will be suspended . . . until a final determination/decision is issued by an administrative judge, agency or appellate court . . . ."

(Dkt. No. 40-1 at ¶ 8.) Since Plaintiffs allege that there has been no action taken by DOE with regard to their due process complaint (Amended Complaint ¶ 27), the plain language of the Enrollment Agreement bars iBrain's request for payment from Plaintiffs, and there is no reason to lift the stay, because M.G. can stay at the school whether or not the school receives payment.

Nonetheless, out of an abundance of caution, the January 6 order also provided Defendants with an opportunity to depose a knowledgeable witness – who would have to be a representative of iBrain to testify about M.G.'s status. (Dkt. No. 39 at 3.) I added this provision in case Plaintiffs persisted in their position that iBrain was demanding immediate payment, despite the terms of the contract deferring the payment. If that be the case, then only a witness from iBrain can explain to the court why payment is due now, Plaintiffs cannot; their testimony would be hearsay.

Defendants did not misunderstand the impact of the order. They issued a subpoena duces tecum to iBrain requesting documents and information related to M.G.'s enrollment. (*See* Dkt. No. 42-1.) Plaintiffs moved to quash that subpoena, and this Court denied their motion, noting that they lacked standing to quash a third-party subpoena, and, in any event, the subpoena was "entirely appropriate, especially as the terms of the contract [Plaintiffs] provided . . . do not call for payment now." (Dkt. No. 43.)

So yes, I did enter an order directing the deposition of a third party witness.

Plaintiffs then submitted another letter to this Court, seeking clarification "whether the Court itself intends to examine the witness for purpose of fact-finding or whether . . . the parties are to arrange for a non-party witness deposition." (Dkt. No. 44.)

I ordered a deposition of a witness who can explain why iBrain takes the position that money is owed now. The questions at that deposition should be posed with the goal of determining whether M.G. faces an imminent threat of expulsion as a result of iBrain's December 2, 2019 demand for "immediate payment of $117,210.00," which the school claims "is currently and/or past due under the 2019-2020 enrollment agreement." (Dkt. No. 34-1.)

Furthermore, DOE may subpoena documents from iBrain related to M.G.'s enrollment status for production at the deposition – a subpoena duces tecum. If iBrain doesn't want to waste its witness's time, it could agree to produce these documents for DOE to review in advance.

2

SO ORDERED.

Dated: January 24, 2020

_____
Chief Judge

BY ECF TO ALL PARTIES